UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

| | |
|---|---|
| MICHIGAN FINANCE AUTHORITY, a public body corporate,<br><br>       Plaintiff,<br><br>  v.<br><br>HANS KIEBLER and DONOVAN VISSER,<br><br>       Defendants. | Court File No.<br><br>**NOTICE OF REMOVAL BY DEFENDANTS HANS KIEBLER AND DONOVAN VISSER**<br><br>[Removed from the Michigan Court of Claims for the County of Ingham] |

TO THIS COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants, Hans Kiebler and Donovan Visser ("Defendants") hereby remove this action from the Michigan Court of Claims for the County of Ingham pursuant to 28 U.S.C. § 1331 on the following grounds.[1]

### I.    Statement of Removal

1. On May 9, 2013, Plaintiff Michigan Finance Authority commenced an action in the Michigan Circuit Court for the County of Ingham entitled *Michigan Finance*

---

[1] Removal of this action is also ostensibly proper under the Class Action Fairness Act of 2005, 28 U.S.C. §1332(d) because the relief sought by Plaintiff will directly affect the rights of thousands of student-loan borrowers that reside in states besides Michigan, and the amount in controversy exceeds $5,000,000. In this regard, although Plaintiff's Complaint names only two individual defendants, the two notices of intention to file claims which appear to be the impetus of the Complaint were also filed on behalf of "all those others similarly situated." See Exhibits 4 and 7 to the Complaint (attached hereto as Exhibit 1). *Accord* Standard Fire Ins. Co. v. Knowles, ___ U.S. ___, 133 S.Ct. 1345, 185 L.Ed.2d 439 (March 19, 2013) ("…when judges must decide jurisdictional matters [under CAFA], simplicity is a virtue. [Citation omitted.]").

*Authority, a public body corporate v. Hans Kiebler and Donovan Visser*, Case Number 13-528 CZ.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of that action is attached hereto as Exhibit 1.

  2. On May 10, 2013, Defendant, Hans Kiebler, was served with a copy of the Complaint and Summons from the Circuit Court.  A true and correct copy of the Summons is attached hereto as Exhibit 2.  The Summons reflects that the Circuit Court action was assigned to the Honorable Rosemarie E. Aquilina.

  3. On May 10, 2013, Defendant, Donovan Visser, was served (through his counsel who agreed to accept service) with a copy of the Complaint and Summons from the Circuit Court.

  4. On May 13, 2013, Defendants were served via first class mail a copy of a Motion for Summary Disposition, Brief in Support of Michigan Finance Authority's Motion for Summary Disposition and Notice of Hearing.  A true and correct copy of a Motion for Summary Disposition, Brief in Support of Michigan Finance Authority's Motion for Summary Disposition and Notice of Hearing are attached hereto collectively as Exhibit 3.

  5. On May 13, 2013, the Honrable Rosemarie E. Aquilina disqualified herself under MCL 2.003, and this action was reassigned to the Honorable Clinton Canady III.  A true and correct copy of the Order of Disqualification/Reassignment is attached hereto as Exhibit 4.

  6. Apart from Defendants, there are no other party defendants that have been named in the Circuit Court action.

7. As set forth in more detail below, this action is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil action in which the District Courts of the United States have original jurisdiction.

8. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is filed within thirty (30) days of Defendants first receiving the Complaint, and is being filed within one year of the filing of the initial complaint in this action. 28 U.S.C. § 1446(b).

## II.   Federal Question

9. District Courts have original jurisdiction of all civil actions arising under the laws of the United States. 28 U.S.C. § 1331.

10. The question of whether a claim "arises under" a federal law is determined by reference to a "well-pleaded complaint." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). "Even though state law creates [plaintiff's] causes of action, its case might still 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Danis Industries Corp. v. Fernald Environmental Restoration Management Corp.*, 947 F.Supp. 323, 328 (S.D. Ohio 1996) citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 2845-46, 77 L.Ed.2d 420 (1983); *see also Illinois Psychiatric Hospital Company, Inc. v. Health Care Service Corp.*, 1992 WL 166823, *3 (N.D. Ill., July 9, 1992) (confirming federal subject matter jurisdiction

based on federal choice-of-law provision). Federal jurisdiction exists in a contract dispute in the presence of a federal choice-of-law provision and the United Sates has a substantial interest. *Danis Industries Corp.*, 947 F.Supp. at 328; *see also Merrill Dow*, 478 U.S. at 810, 106 S.Ct. at 3233; *and generally New SD, Inc. v. Rockwell Intern. Corp.*, 79 F.3d 953 (9th Cir. 1996), *United States v. Taylor*, 333 F.2d 633 (5th Cir. 1964).

11.   As alleged in the Complaint, the Michigan Higher Education Student Loan Authority (MHESLA) originated and acquired education loans, including loans backed by the Federal Family Educational Loan Program. Complaint at ¶¶ 6 and 7.

12.   Plaintiff alleges that Defendant Donovan Visser "…obtained federal student loans from Michigan State University School of Law (f/k/a Michigan State University-Detroit College of Law) under a standard Master Promissory Note that he signed on August 16, 2004." Complaint at ¶ 18. Plaintiff further alleges that, "MHESLA later purchased Visser's loan from Michigan State University-Detroit College of Law." *Id*. Attached to the Complaint as Exhibit 4 is Defendant Visser's Federal Stafford Loan Master Promissory Note. *Id*. Visser's Master Promissory Note contains a federal choice-of-law provision which states, in part:

> **Governing Law and Notices**
>
> The terms of this MPN [Master Promissory Note] will be interpreted in accordance with the applicable federal statutes and regulations, and the guarantor's policies.

Complaint at Exhibit 4.

13.     Plaintiff alleges that Defendant Hans Kiebler "…obtained federal student loans from Comerica Bank through a Master Promissory Note that he signed on April 4, 2006." Complaint at ¶ 25. Plaintiff further alleges that, "MHESLA later purchased Kiebler's loan from Comerica Bank." *Id*. Attached to the Complaint as Exhibit 6 is Defendant Kiebler's Federal Stafford Loan Master Promissory Note. *Id*. Kiebler's Master Promissory Note contains a federal choice-of-law provision which states, in part:

> **Governing Law and Notices**
>
> The terms of this MPN [Master Promissory Note] will be interpreted in accordance with the applicable federal statutes and regulations, and the guarantor's policies.

Complaint at Exhibit 6.

14.     Plaintiff alleges that this action "hinges" upon the ability of the Michigan Finance Authority ("MFA") to refinance existing "$1 billion in student-loan-backed note obligations with a federally-backed entity, Straight-A Funding, LLC…" Complaint at p. 2. The Complaint alleges that MHESLA "…promoted higher education by helping provide students access to education loans, including loans backed by the Federal Family Educational Loan Program." Complaint at ¶ 6. "MHESLA financed the cost of the MSF [Michigan Students First] Program through a combination of payments received from the federal Department of Education…" Complaint at ¶ 11.

15.     Loans eligible under the Michigan Students First ("MSF") Program include but are not limited to Federal Stafford Loans and Federal PLUS Loans. Complaint at Exhibits 1 and 2.

16. Plaintiff alleges two counts of Declaratory Judgment, one against Defendant Visser, and one against Kiebler. In its count against Visser, Plaintiff seeks a judicial determination that:

> The borrower benefit programs were not contractual rights, and did not appear within the rights and obligations imposed on Visser by the terms of the Master Promissory Note.

Complaint at ¶ 45b.

17. In its count against Kiebler, Plaintiff seeks a judicial determination that:

> The borrower benefit programs were not contractual rights, and did not appear within the rights and obligations imposed on Kiebler by the terms of the Master Promissory Note.

Complaint at ¶ 45b.

### III. Removal Procedures

18. Removal of this action is properly made to the United States District Court for the Western District of Michigan under 28 U.S.C. § 1441(a), as the Circuit Court for the County of Ingham, where the state action was pending, is within the Western District of Michigan.

19. The United States District Court for the Western District of Michigan has jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the relief sought by Plaintiff (*e.g.* a judicial determination of rights and obligations under the Master Promissory Note (Complaint at ¶¶ 45b. and 48b.)), is governed by a federal choice-of-law provision, and the United Sates has a substantial interest in the federally backed

Straight-A note, and each of the student loans in issue in this action were made under the Federal Family Education Loan Program.  *Danis Industries Corp.*, 947 F.Supp. at 328; *see also Merrill Dow*, 478 U.S. at 810, 106 S.Ct. at 3233, *New SD, Inc. v. Rockwell Intern. Corp.*, 79 F.3d 953 (9th Cir. 1996), *United States v. Taylor*, 333 F.2d 633 (5th Cir. 1964).

20. A copy of this Notice of Removal will be filed with the Clerk of the Circuit Court for the County of Ingham.

### IV. Reservation of Rights and Defenses

21. Defendants expressly reserve all of their respective defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Defendants' respective defenses. *See, e.g. Key v. DSW, Inc.*, 454 F.Supp. 2d 684, 691 (S.D. Ohio 2006).

### V. Conclusion

WHEREFORE, Defendants Visser and Kiebler hereby remove this action from the Circuit Court for the County of Ingham, to this District Court.

Respectfully submitted,

RIDOUT LYON+OTTOSON LLP

Dated:  May 31, 2013

*/s/ Caleb L.H. Marker*
Christopher P. Ridout  (CA Bar No. 143931)
      *Subject to Admission Pro Hac Vice*
(c.ridout@rlollp.com)
Caleb L.H. Marker (P70963)
(c.marker@rlollp.com)
555 E. Ocean Blvd., Suite 500
Long Beach, CA 90802
(562) 216-7380
(562) 216-7384 Facsimile

David A. McKay (GA Bar No. 494171)
*Subject to Admission Pro Hac Vice*
(d.mckay@rlollp.com)
RIDOUT LYON+OTTOSON LLP
555 E. Ocean Blvd., Suite 500
Long Beach, CA 90802
(562) 216-7380
(562) 216-7384 Facsimile
Jason J. Thompson (P47184)
(JThompson@sommerspc.com)
Lance C. Young (P51254)
(LYoung@sommerspc.com)
SOMMERS SCHWARTZ
One Towne Square, Suite 1700
Southfield, MI 48076
(248) 266-2536

Jeffrey A. Hank (P71152)
(jah@consumerpractice.com)
HANK LAW, PLLC
P.O. Box 1358
East Lansing, MI 48826
(855) 426-5529
(888) 490-7750 Facsimile

Case 1:13-cv-00597-JTN   ECF No. 1 filed 05/31/13   Page 8 of 9   PageID.8

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2013, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

- **NOTICE OF REMOVAL BY DEFENDANTS HANS KIEBLER AND DONOVAN VISSER**

I also hereby certify that on May 31, 2013, I caused to be served the foregoing document by means of United States First Class Mail upon:

Jennifer M. Jackson
Assistant Attorneys General
Michigan Dept. of Attorney General
State Operations Division
P.O. Box 30754
Lansing, MI 48909

Molly E. McManus
Special Assistant Attorneys General
Warner Norcross & Judd LLP
900 Fifth Third Center
111 Lyon St. N.W.
Grand Rapids, MI 49503

/s/ *Caleb L.H. Marker*
Caleb L.H. Marker (P70963)
(c.marker@rlollp.com)
Ridout Lyon + Ottoson, LLP
555 E. Ocean Blvd., Suite 500
Long Beach, CA 90802
(562) 216-7380